ADDIE McCALLUM GORDON

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa January 15, 1895.*

1. SPECIAL ASSESSMENTS—*sufficiency of affidavit to confer jurisdiction.* An affidavit of mailing notices to the owners of assessed property, which contains all the statute requires, confers jurisdiction on the court to confirm the assessment, notwithstanding the affidavit contains an unnecessary copy of the notice sent, from which the year of the return term is omitted, the copy being treated as surplusage.

2. NOTICE—*Sundays may be counted in computing the ten days.* In computing the ten days required by the statute for notice in special assessment proceedings, the Sundays intervening between the day of posting and the first day of the term should be counted.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, rendered against appellant's lands, on the application of the county collector for judgment against delinquent lands for the non-payment of taxes and special assessments for the year 1893. Addie McCallum Gordon, the appellant, appeared in the county court and objected to judgment against her lands for a special assessment ordered by the town of Cicero, upon the following ground: "The county court of Cook county never acquired jurisdiction of the person of this objector, nor of said lands, upon the entry of the judgment of confirmation of said special assessment, because the notices of the confirmation of said special assessment by mailing, publication and posting were insufficient, and otherwise invalid." On the hearing the court overruled the objection, and rendered judgment for the amount of the special assessment against appellant's lands.

MASON BROS., for appellant.

HENRY R. PEBBLES, for appellee.

CRAIG, J.: It is claimed by appellant that the affidavit of the commissioners showing the mailing of notices to the owner whose premises had been assessed was insufficient to confer jurisdiction on the court to confirm the assessment. It appears from the record that notices of the hearing at the July term of the county court, beginning on the 10th day of July, 1893, were duly posted, as required by statute, and that like notice was published in a daily newspaper in Chicago for five successive days, as required by the act. But in the affidavit of mailing notices it purports to give a substantial copy of the notice mailed, which fails to state the year in which the July term to which the assessment roll had been returned occurred, and on account of this supposed defect it is claimed the court had no jurisdiction to enter a judgment of confirmation. We do not concur in that view. Section 28 of the City and Village act, which provides for proof of notice, declares : "On or before the final hearing the affidavit of one or more of the commissioners shall be filed in said court, stating that they sent, or caused to be sent, by mail, to the owners whose premises have been assessed and whose name and place of business are known to them, the notice hereinbefore required to be sent by mail to owners of premises assessed. * * * Such affidavit shall be received as *prima facie* evidence of a compliance with this act in regard to giving such notice." Here the affidavit filed under this section of the statute contained the following : "This affiant, F. M. Hankinson, being duly sworn, upon oath says that affiant and Taylor A. Snow and D. J. McMahon were heretofore appointed by the county court of Cook county, commissioners to assess the cost of a pipe-sewer and house drain in Chicago avenue and other streets in town of Cicero, and that said commissioners did cause to be sent by mail to the owners whose premises have been assessed by said commissioners, and whose names and places of residence were known to them or

either of them, or upon diligent inquiry could be ascertained, the notice required by law to be sent by mail to the owners of premises assessed." This seems to contain all that the statute required, and if the affidavit had contained nothing more no objection could properly be urged against it. But in addition to the above, the affidavit contained what purported to be a copy of the notice sent, in which is the following: "The assessment roll will be returned to the July term of the county court of Cook county, Illinois." The question here involved arose in *Schemick* v. *City of Chicago*, 151 Ill. 336, and we there held the affidavit sufficient; that all that part of the affidavit relating to the copy was surplusage, and might be rejected as such. The decision in that case is conclusive of the question here involved.

The second point relied upon by appellant is, that the notice posted under the directions of the commissioners in Cicero special assessment 381 was not posted for ten days prior to the first day of the term to which the assessment roll was returned. The evidence shows that the notice was posted on June 30, 1893, that the first day of the term to which the assessment roll was returned was July 10, 1893, and that July 2 and July 9, 1893, were Sundays. The statute says, (sec. 27, art. 9, of City and Village act): "It shall also be the duty of such commissioners to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: * * * Second, they shall cause at least ten days' notice to be given, by posting notices," etc.

It is contended that the statute requires the notices to be posted for ten secular days prior to the first day of the term to which the assessment roll is returned. The position of appellant cannot be sustained. The correct rule in regard to a notice of this character is laid down in *Brown* v. *City of Chicago*, 117 Ill. 21. It will be observed in this case the notices were posted on June 30, 1893, and

the first day of the term of court was July 10, 1893. In the *Brown case* the dates were January 30, 1885, and February 9, 1885, respectively, and the court there said: "Under the repeated decisions of this court there was sufficient notice. Excluding January 30 and including February 9 there were ten days. The proper rule for the computation of time, in such cases, is to exclude the day on which the notice was first inserted or posted, and include the day on which the term commenced. *Ewing* v. *Bailey*, 4 Scam. 420; *Vairin* v. *Edmonson*, 5 Gilm. 270; *Bowman* v. *Wood*, 41 Ill. 203; *Forsyth* v. *Warren*, 62 id. 68; Rev. Stat. chap. 100, entitled 'Notices,' sec. 6."

The commissioners had no authority to post the notices on Sunday, and had that been done the day of posting could not have been counted. But that does not prevent each Sunday from counting as a day in computation of time when the posting was done on a week day. Where a person executes a promissory note due in ninety days from date, each intervening Sunday is always counted as a day. Interest on a promissory note does not cease to run on Sunday. The statute requires a summons to be served ten days before the return day thereof,—the first day of the term. When the term begins on Monday, service made on the second Friday before the term begins has always been regarded as made within the time required by statute. In such a case two Sundays intervene, and they are counted as two days. Here the posting of notices takes the place of a summons, and in computing days no reason is perceived why Sundays should count in one case and be excluded in the other.

The judgment of the county court will be affirmed.

*Judgment affirmed.*