# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## THIRD DISTRICT—MAY TERM, 1895.

---

### Peter F. Wahl v. City of Nauvoo.

1. NOTICE—*Of Three Days, When Sufficient.*—Where an ordinance required a notice of three days to be given, a notice served on Saturday is sufficient for the Tuesday following.

2. STATUTES—*Repeal by Implication.*—The act of May 31, 1879, providing that the city council in all cities, and the president and board of trustees in all villages in this State, may, by ordinance, require every able-bodied male inhabitant of any such city or village, above the age of twenty-one years, and under the age of fifty years (excepting paupers etc.), to labor on the streets and alleys of any such city or village, not more than two days in each year, and providing for commutation of such labor at seventy-five cents per day, applies to all cities and villages whether organized under a special charter or under the general law.

**Debt,** for a penalty. Appeal from the Circuit Court of Hancock County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the May term, 1895. Reversed. Opinion filed December 6, 1895.

MANIER, MILLER & WILLIAMS, attorneys for appellant.

A statute imposing a new penalty for an offense, is an implied repeal of so much of a prior statute as imposes a different penalty. Sullivan v. People, 15 Ill. 234. Section 3 of article 5 of appellee's charter, and the act of 1879, which applies to all cities and villages, are inconsistent with each other. Both can not stand, and the latter, by using the

term " all cities and villages," repeals the former and is the later expression of the legislative will; such a constructtion makes the law applicable to all citizens and of uniform operation. Sup. McDonough Co. v. Campbell, 42 Ill. 490; Town of Ottawa v. Walker, 21 Ill. 608-610; Devine v. Cook Co., 84 Ill. 590.

A statute may be repealed without an express clause for that purpose; where two statutes are repugnant to each other in their provisions, the latest expression of the will of the legislature must prevail. Muller v. People, 31 Ill. 444; Coates v. People, 72 Ill. 304; Dingman v. People, 51 Ill. 277; Aspern v. Lamar Ins. Co., 6 App. Ct. 238.

Where two grants of power, to a canal and a municipal corporation respectively, are repugnant, the last expressed will of the legislature must control. Korah v. Ottawa, 32 Ill. 122.

A subsequent statute, revising the whole subject of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. Devine v. Cook Co., 84 Ill. 590.

WM. D. HIBBARD, city attorney, for appellee; FRANK HAL-BOWER, of counsel.

Repeals by implication are never favored, and in the absence of an express repealing clause, it is only when two acts are so inconsistent with each other that both can not be executed, that the latter is considered as repealing the former. Town of Ottawa v. La Salle County, 12 Ill. 339; Sedgwick on Construction of Statutes, 97, 105, 113.

Where two statutes are seemingly repugnant, they are to be construed, if possible, so as to stand together. Munson v. Crawford, 65 Ill. 185; Card v. McCaleb, 69 Ill. 314; Holton v. Daly, 106 Ill. 131; Hyde Park v. Oakwood Cem. Ass'n, 119 Ill. 141.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This action was brought before the police magistrate of

the city of Nauvoo, against appellant, to recover the penalty for an alleged violation of section 3 of article 5 of the city charter and of ordinance No. 10, "providing for the improvement of streets and regulating street labor within the city," passed March 30, 1874, as amended in several particulars by ordinances passed subsequently. The violation alleged was his failure to labor on the streets or alleys or to make payment in lieu thereof as required by said charter and ordinance. On appeal from the judgment of the magistrate it was tried by the court without a jury, and judgment rendered against the defendant for $2 debt, and the case is here on his appeal.

The city of Nauvoo is organized under a special charter, granted in 1869. 2 Pr. Laws of 1869, p. 101, Art. V, relates to "the city council and its legislative powers." Section 3 of that article is as follows:

" To require of, and it is hereby made the duty, of every male resident of the city, over the age of twenty-one years and under the age of sixty years, to labor not less than three days nor more than five days in each year, upon the streets, alleys and highways of the city; but any person may, at his option, pay in lieu of such labor such sum of money as may be provided by ordinance, not exceeding the rate of $2 per day; provided, the sum shall be paid within three days after notice by the street supervisor is given to perform such street labor. In default of payment as aforesaid, and of the labor assessed, the sum of $2 per day and cost shall be collected, and no set-off shall be allowed in any suit brought by the city to collect the same.

By Sec. 19, power is given to the city council to impose fines, forfeitures and penalties for the breach of any ordinance; and by Sec. 37 to make all ordinances which may be necessary and proper for carrying into effect the powers specified in the act.

The sections of ordinance No. 10, as amended, so far as they need to be here noticed, are as follows:

" Section 1. That every male inhabitant of the city of Nauvoo, between the ages of twenty-one and fifty years,

shall perform at least three days of street labor on the streets of the city of Nauvoo. Provided, however, that any person so liable to perform such street labor may commute the same by paying to the treasurer of the city the sum of $1.50 for each day he is required to labor, who shall receipt therefor in the usual manner; and provided further, that any person chargeable with street labor shall be allowed to send in his place an able-bodied substitute to perform such labor in his behalf, which, when such labor is performed, shall release him from his liability.

Section 2. Such street labor shall be performed under the direction and supervision of the mayor or street commissioner, who shall call out and work all the street labor provided for in section 1 of this ordinance, between the 15th day of June and the 15th day of September of each year.

Section 3. It is hereby made the duty of the mayor or the superintendent of streets to notify each and every person liable to perform street labor, at least three days before the day set for such labor, which notice shall set forth the time and place and hour at which such person shall be present to perform such labor, and shall further notify said person what tool or implement he shall bring with him.

Section 4. Every person so notified as aforesaid, who shall neglect or fail to put in his appearance at the time and place indicated by such notice, shall forfeit and pay to the city of Nauvoo the sum of $2 for each and every day in which he may be so delinquent."

The notice given to appellant was as follows:

"Duplicate. Poll tax notice. To Peter Wahl: You are hereby notified to appear at city tool house at city park, in the city of Nauvoo, county of Hancock, and State of Illinois, on the 22d day of August, A. D. 1893, at seven o'clock A. M., for the purpose of performing the street labor assessed against you by the city of Nauvoo. You may commute for said assessment by the payment of $2 within three days from the service of this notice upon you.

Dated August 19, 1893.

JOHN F. HOHL,
Street Superintendent."

Wahl v. City of Nauvoo.

It was served by Hohl on appellant by personal delivery, at about half past three o'clock in the afternoon of the day it was dated.

There was evidence tending to prove that appellant then was and for many years had been an inhabitant and resident of the city, over twenty-one and under fifty years of age, and that he did not attend as notified, nor perform any street labor for the year 1893, nor pay anything as commutation therefor, nor send any substitute.

From the sum mentioned in the notice as the amount for which he might commute, the court found it sufficient for only one day's labor, and rendered the judgment for only two dollars.

Objections were made, on specific grounds stated, to the evidence of Hohl's official character, of defendants' residence, and to the sufficiency of the notice, as not given " at least three days before the day set for such labor."

Section 6 of Ch. 100 of the Revised Statutes makes it the rule "in computing the time for which any notice is to be given, whether required by law, order of court or contract," that " the first day shall be excluded and the last included, unless the last day is Sunday, and then it shall be excluded." In this case it was given on Saturday, and for the following Tuesday. We are not prepared to say this was not such a notice as was prescribed.

The language of the ordinance is no stronger nor clearer than that of the statute which provides that if ten days shall not "intervene" between the time of suing out the summons and the next term of court, it shall be made returnable to the succeeding term, and if the declaration is not filed " ten days before " the court at which the process is made returnable the defendant may have a continuance. " Ten days " must be " at least ten days," and yet the suing out and filing at any hour on Friday of the week next before the one next preceding the court is sufficient. If, without the aid of the statutory rule for computation, you may include the first day of court, under these provisions of the practice act, why not in this case the day "set for such

labor," with the aid of that rule? It is certain that without including either the first or the last, ten days of any description, natural or artificial, can not "intervene" between the two indicated or elapse "before" the last. And yet, although they are not cases of notice to be given within the terms of the statutory rule, the word "before," used as in the ordinance, is construed as not excluding the last day, which is required in order to make the ten next after the first. But here is a case of notice required to be given, within the terms of that rule, and if it applies, it is conclusive. The cases referred to, in which an intervening Sunday is not counted, do not seem to be analogous.

A more serious question is presented by the objection made to the introduction of the ordinance, on the ground of a want of authority in the city council to make it.

Section 1 of the act approved May 31, 1879, entitled "An act providing for labor in the streets and alleys of all cities and villages in this State," enacts "that the city council in all cities and the president and board of trustees in all villages in this State may have power, by ordinance, to require every able-bodied male inhabitant of any such city or village, above the age of twenty-one years and under the age of fifty years (excepting paupers, idiots, lunatics and such others as are exempt by law), to labor on the streets and alleys of any such city or village, not more than two days in each year; but such ordinance shall provide for commutation of such labor at seventy-five cents per day."

Section 2 is that "any such city council or president and board of trustees of any such village shall have power, by ordinance, to provide such fines and penalties as may be necessary to enforce the provisions of this act." Session Laws of 1879, p. 79.

If this act applies to cities organized under special charters, it manifestly repeals section 3 of article 5 of the charter of the city of Nauvoo, and became substituted for it. They are inconsistent in respect to the persons who may be required to perform the labor provided for, the time for which they may be required to perform it, and the rate at

which they may commute for it.   These are the essential provisions of each.   If stricken from the section of the charter, nothing would be left.   It is manifest that the sections of ordinance No. 10 here in question were adopted under supposed authority of the charter, though as to the persons made liable to perform the labor it conforms to the act of 1879.

The only question, then, is whether that act applies to the city of Nauvoo; and that is a question of the intention of the legislature, its power to do so by a general law being undoubted.   Art. 4, Sec. 22, of the Constitution.

That such was not its intention is matter of inference only, which counsel claim may be fairly drawn from the history of the legislation on this subject.   This history in brief is, that by the general act of April 10, 1872 (R. S. Ch. 24), to provide for the incorporation of cities and villages, no provision was made for the assessment for street labor, and to supply that omission the act of April 10, 1875, authorized the city or village government "by ordinance to require every able-bodied male inhabitant of such city or village above the age of twenty-one years and under age of fifty years (excepting paupers, etc.) to labor on the streets and alleys of such city or village, not more than three days in each year, but such ordinance shall provide for commutation of such labor at not more than one dollar and fifty cents per day."   This was amendatory of consecutive section 71 (Hurd's arrangement) of Ch. 24, under Art. 5, "of the powers of the city council," being Sec. 10 of that article, and conferring jurisdiction over waters, concluding with this new provision for street labor.   Being thus amendatory of an existing section of the general law for the incorporation of cities and villages, it applied only to those organized under that law.   Then followed the act of 1879, above quoted; and because it prescribed a shorter time for street labor and a less rate for commutation, it is said to show an intention to merely amend the amendatory act of 1875, and consequently to give it the same limited application.

We are of opinion that this inference is not warranted

but negatived by the title and body of the last act. It does not purport nor in any way appear intended to be an amendment of any existing statute, but an original, independent act, complete in itself, with nothing to hinder its application according to its terms, to "all the cities and villages in this State." Though it properly appears as sections 289 and 290 of chapter 24, because it relates to the cities and villages for the organization of which that chapter provides, it goes further and relates to all others in this State as well. As to the former, it necessarily repealed so much of section 71 amended by the act of 1875, as related to labor on streets and alleys, and provided a new and uniform rule on that subject for them and all others. In Dalton v. Aurora, 114 Ill. 138, this effect was given to the same language in the title and body of an act to provide for erecting and maintaining a system of water works, which was held to include cities organized under special charter, as well as those under the general law. The case seems fairly in point and conclusive of this. Its force is not weakened by the fact that the court found a further reason for the construction given. The plain, unambiguous terms of the act, "all cities, incorporated towns and villages in the State," was the ground of the unhesitating decision.

Section 3 of article 5 of the special charter having been thus abrogated, the ordinance as amended, not authorized by the act which took its place or any other grant of power to the city, was void. The judgment of the court below will therefore be reversed.