# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CITY OF NORFOLK v. YOUNG & OTHERS.

### JANUARY 18, 1900.

1. LOCAL ASSESSMENTS—*Tax—Notice—" Due Process "—Amendment XIV.
U. S. Constitution.*—Local assessments by municipal corporations
for street improvements are an exercise of the taxing power of the
State, and Article XIV. of the amendments of the Constitution of
the United States applies to them. A law which authorizes them,
without giving to the person of whom such assessment is exacted
reasonable notice, and a reasonable opportunity to appear and
contest the legality, justice, and correctness of such assessment
before an impartial tribunal, before it is finally determined upon,
deprives such person of his property without " due process of law,"
and is therefore void.

2. LOCAL ASSESSMENTS—*Opportunity to Contest—Amendment XIV. of U.
S. Constitution.*—A section of a municipal charter which authorizes
local assessments by the council for street improvements, upon the
written petition of a majority of the owners of the property to be
assessed, or, without such petition, by a vote of a majority of all
the members elected to the council, after publication for twenty
days, in two or more newspapers published in the municipality,
of a resolution declaring such assessment to be expedient, is in
contravention of Amendment XIV. of the Constitution of the
United States, and therefore void, as it provides no tribunal before
which, place where, or time within which, parties to be affected
may contest the legality, justice, or correctness of the assessment.
If the publication is intended as notice to appear before the council
and contest the assessment, and that be the law, it is not full and
clear enough to disclose that fact to a person of ordinary intelli-
gence.

Appeal from a decree of the Circuit Court of Norfolk city,
pronounced December 16, 1898, in a suit in chancery brought by

the appellee against the appellant and another, for the purpose of having declared void certain local assessments for street improvements made by the council of said city, and to enjoin the city from collecting the same.

*Affirmed.*

The opinion states the case. .

*Walter H. Taylor,* for the appellant.

*Borland & Wilcox,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

It was held in the case of *Violet & Others* v. *City Council of Alexandria,* 92 Va. 561, and may now be regarded as the settled law of this State, that local assessments by municipal corporations for street improvements are an exercise of the taxing power of the State; that Article XIV. of the amendments to the Constitution of the United States applies to such assessments; and that a law which authorizes them, without giving to the person of whom such assessment is exacted reasonable notice and opportunity to appear and contest the legality, justice, and correctness of the assessment, before it is finally determined upon, deprives such person of his property without due process of law, and is therefore void. It was further held, that " due process of law " requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any final order can be made affecting his rights of property, and that such notice and opportunity must be provided for in the laws under which the assessment is made. *Heth* v. *Radford,* 96 Va. 272.

The local assessment complained of in this case, and whose constitutionality is denied, was made under the 25th section of the charter of the city of Norfolk, which provides that " whenever any street shall be laid out, a street graded or paved, a cul-

vert built, or any other public improvement whatsoever made, the city councils may determine what portion, if any, of the expense thereof ought to be paid from the public treasury, and what portion by the owners of real estate benefited, or may order and direct that the whole expense be assessed upon the owners of real estate benefited thereby. But no such public improvement shall be made to be defrayed, in whole or in part, by a local assessment, until first requested by a petition signed by a majority of the owners of property to be assesssed for such improvement, or unless the councils shall, by a vote of a majority of all the members elected to each council, declare the said improvement to be expedient; and shall furthermore give public notice of such resolution in two or more newspapers published in said city for twenty days, and shall thereafter by a like majority vote, order, and determine that the said improvement shall be made." Acts 1883-4, p. 29.

That section limits the manner in which local assessments can be made. It can only be done upon the petition of a majority of the owners of property to be assessed for the improvement, or by a resolution passed by a majority vote of all the members of each council that it is expedient to make the improvement. This resolution of expediency must be published for twenty days in two or more newspapers published in the city, and after such publication has been made the councils, by a like majority vote, can determine that the improvement shall be made. The assessment in this case was made under the latter method. The question presented, therefore, is whether the notice required by that section was intended to give the persons to be affected an opportunity to contest the legality, justice, and correctness of the assessment, and, if so, whether it was sufficient.

We do not think that the notice required by that section was intended to furnish the land owners to be affected an opportunity to contest the legality, justice, or correctness of the assessment. If it had been, there would have been a like provision for notice

to the land owners who had not petitioned for the improvement, when the improvement was made upon the petition of a majority of the land owners to· be assessed for such improvement. Those land owners who had not petitioned for the improvement, if not all to be affected by it, were entitled to an opportunity to be heard just as much as where the improvement was made by the other method. Why give one class of persons notice and an opportunity to be heard and not give another class equally entitled to it, when both classes are embraced in the same section, indeed in the same sentence of the charter? It cannot be presumed that the Legislature had in mind the constitutional rights of the parties to be affected by such assessments, and intended to guard those rights as to one class, and to ignore or disregard them entirely as to the other class.

If the object of the provision in question had been to give the land owners an opportunity to contest the legality, justice, or correctness of the assessment, it would be reasonable to expect that provision would have been made for a tribunal before which, a place where, and a time within which they could and must make the contest, but nothing of the kind is done.

The object of the provision was manifestly to enable the councils to get the benefit of the judgment or opinion of the land owners to be affected as to the necessity or wisdom of making the improvement.

When an improvement is ordered to be made upon petition, the petition furnished the councils with the views and wishes of a majority of those to be affected. When the improvement is made by resolution of expediency, the notice required is to give the people to be affected an opportunity to be heard as to the expediency of making the improvement, and thus to enable the councils the better to determine whether or not the proposed improvement should be ordered. But if the notice was intended to give the persons to be affected an opportunity to contest the legality, justice, and correctness of the assessment, we do not

think it was sufficient. The object of notice in such cases is to secure to the owner the opportunity to protect himself or his property from an illegal or erroneous assessment. In order to be effectual, it should be full and clear enough to disclose to persons of ordinary intelligence in a general way what is proposed, and when and where they may be heard.

In the case of *County of Santa Clara* v. *Southern Pacific R. Co.*, 18 Fed. Reporter, 410, Mr. Justice Field, whose language is quoted by this court with approval in the case of *Violet* v. *City of Alexandria*, said: " The notice to which we refer need not be a personal citation. It is sufficient if it be given by a law designating the time and place where parties may contest the justice of the valuation. As a general rule, only a statutory notice is given. All that we assert, or have asserted, is that there must be a notice of some kind which will call the attention of the parties to the subject, and inform them when and where they will be permitted to expose any alleged wrong in the valuation of which they may complain."

And in the case of *B. B. & B. C. R. Co.* v. *City of New Whatcom*, 172 U. S. at page 318, it was said by Mr. Justice Brewer that if the service is made by publication only, as in this case, " that publication must be of such a character as to create a reasonable presumption that the owner, if present and taking ordinary care of his property, will receive the information of what is proposed and when and where he may be heard." *Violet* v. *City of Alexandria, supra; Heth* v. *City of Radford, supra.*

The notice required and given wholly failed to designate a tribunal before which, a place where, or a time when, the party to be affected had the right to appear to expose any alleged wrong in the assessment imposed upon him or his property.

Neither do we think that persons of ordinary intelligence would have inferred from the notice required and given that they had the right, even if that be the law as appellant's counsel in-

sists, to appear before the town councils at one of their regular meetings and demand a hearing from them in order that they might have any wrong done them redressed. Persons skilled in the law might have advised such a course, but the notice which the law requires in such cases is such that persons of ordinary intelligence may understand when, where, and before whom, they have the right to appear to protect themselves from illegal or erroneous assessments, without being compelled to employ attorneys to determine those questions for them.

We are of opinion that there is no error in the decree appealed from, and that it should be affirmed.

*Affirmed.*