# Village of Kilbourne, Appellee, v. Edwin Blakely and William Stroh, Appellants.

1. MUNICIPAL CORPORATIONS, § 41*—*limitation of powers.* Municipal corporations are creatures of statute and can exercise only such powers as are expressly conferred or such as arise by implication from general powers granted.

2. MUNICIPAL CORPORATIONS, § 87*—*when ordinance is unreasonable and void because discriminatory.* An ordinance which discriminates between persons of the same class and imposes a penalty for an act done by one person and exempts another who does a like act is unreasonable and void.

3. MUNICIPAL CORPORATIONS, § 1782*—*when village ordinance exempting from poll tax persons other than those authorized by statute is void for illegal discrimination.* A village ordinance requiring every able-bodied male inhabitant of the village above the age of twenty-one years and under the age of fifty years to labor on the streets and alleys is invalid because of its impartiality and illegal discrimination where it exempts officers and attorneys of the village in addition to those inhabitants authorized by statute to be exempted.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Village of Kilbourne v. Blakely et al., 184 Ill. App. 370.

Appeal from the County Court of Macon county; the Hon. JAMES A. McComas, Judge, presiding. Heard in this court at the April term, 1913. Reversed. Opinion filed October 16, 1913.

NORTRUP & NORTRUP and THOMAS P. REEP, for appellants.

EDMUND P. NISCHWITZ, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action brought by the Village of Kilbourne against Edwin Blakely, William Stroh and C. E. Daniel before a justice of the peace to recover from each of them a penalty, provided by an ordinance of the Village, for failure to work a poll tax on the streets or commute the same by the payment of money. An appeal was taken from the judgment before the justice to the County Court, where on a trial, a jury returned a verdict finding the defendants guilty and fixing their fine at ten dollars each. Judgment was rendered on the verdict against the defendants and Blakely and Stroh appeal.

The ordinance under which this suit is brought is entitled "Poll tax" and is as follows:

Section 1. That every able-bodied male inhabitant of the Village of Kilbourne, above the age of twenty-one (21) years, and under the age of fifty (50) years, excepting paupers, idiots, lunatics and such other as are exempt by law, shall labor on the streets, alleys, or other public places of said Village as directed by the Street Commissioner, two days in each year as hereinafter provided. Provided, That any person required to labor as aforesaid, may commute such labor by paying to the Village Clerk on or before the last day of July, in each and every year, the sum of seventy-five cents for each day he may be so required to labor.

Section 2. At the regular meting to be held on the first Tuesday in June of each year, the President and

Board of Trustees of said Village shall make out a list of the able-bodied male inhabitants of said Village between the ages of twenty-one and fifty years, and within five days thereafter deliver the same to the Village Clerk. Provided, That paupers, idiots and lunatics, ministers of the Gospel in actual charge of church or congregation, trustees of schools, school directors, members of the Board of Education and other school officers performing like duties, and the officers and attorneys of said Village, shall not be required to work as aforesaid. The Village Clerk shall, within ten days after such list is delivered to him, cause a written or printed or partly written and partly printed notice to be posted or put upon the door of the room or place that the Board of Trustees used at their last meeting, and in three other of the most public places in said Village, notifying all persons subject to labor as aforesaid, to report to the Street Commissioner of said Village for the purpose of performing such labor on or before the last day in the month of July, of each and every year. Any persons required to labor as aforesaid who shall fail, neglect or refuse to perform such labor or commute the same at seventy-five cents per day before the last day in the month of July in each and every year as hereinbefore provided, shall be subject to a penalty of not to exceed twenty dollars, and not less than three dollars.

The appellants contend among other things that the ordinance is void because of unlawful discrimination.

Paragraph 289 of chapter 24 of the Statute (J. & A. ¶ 1782) provides: "That the city counsel in all cities and the president and board of trustees in all villages in this State, may have power, by ordinance, to require every able-bodied male inhabitant of any such city or village, above the age of twenty-one years, and under the age of fifty years (excepting paupers, idiots, lunatics, and such others as are exempt by law), to labor on the streets and alleys of any such city or village, not more than two (2) days in each year; but such or-

dinance shall provide for commutation of such labor at seventy-five cents per day."

The only other exemptions from poll tax in the Statute, in addition to those in the section quoted, are found in paragraph 186 of chapter 121, title "Roads and Bridges" (J. & A. ¶ 9819), and in section 266 of chapter 122, title "Schools" (J. & A. ¶ 10304.) Paragraph 186 of chapter 121 provides that "ministers of the Gospel in actual charge of a church or parish, trustees of schools, school directors and other school officers performing like duties shall not be compelled to pay a poll tax." The exemption in the school law does not add anything to the foregoing.

The ordinance in question exempts "the officers and attorneys of said village" in addition to those authorized by statute to be exempted from the payment of a poll tax. The penalty sued for is provided for by the second section of the ordinance and that is the section that contains the exemption of the village officers and attorneys. Municipal corporations are creatures of the statute and can exercise only such powers as are expressly conferred or such as arise by implication from general powers conferred. *City of Champaign v. Harmon*, 98 Ill. 494; *Zanone v. Mound City*, 103 Ill. 552. Acts of a city council not fairly within the power conferred are void. *Agnew v. Brall*, 124 Ill. 316; *Wahl v. City of Nauvoo*, 64 Ill. App. 17. All by-laws should be general in their operation and should bear equally upon all the inhabitants of the municipality. *City of Chicago v. Rumpff*, 45 Ill. 97; *Zanone v. Mound City, supra.* An ordinance which discriminates between persons of the same class and imposes a penalty for an act done by one person and exempts another who does a like act is unreasonable and void. *City of Carrollton v. Bazzette*, 159 Ill. 284; *Tugman v. City of Chicago*, 78 Ill. 405; *City of Peoria v. Gugenheim*, 61 Ill. App. 374. The powers vested in municipal corporations should, as far as practicable, be exercised by ordinances general in their

nature and impartial in their operation. Dillon on Mun. Corp. 322. If different sections of a statute are independent of each other, that which is unconstitutional may be disregarded and valid sections may stand and be enforced. But if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the Legislature, then the entire statute must be held inoperative. *Mathews v. People,* 202 Ill. 389; *City of Chicago v. Burke,* 226 Ill. 203.

The attempt by the members of the village board which had power to pass an ordinance requiring a poll tax from all able-bodied male inhabitants between twenty-one and fifty years of age, except such as are exempt by statute, to include themselves with the other officers and attorneys of the village in the exemption with the other exempted classes, renders the second section of the ordinance invalid because of its partiality and illegal discrimination. They might as well have exempted all residents of some particular ward or persons living on one side of some particular street. The second section of the ordinance is void and the penalty assessed under it cannot be sustained.

It is unnecessary to discuss the other questions argued. The judgment is reversed because of the invalidity of the second section of the ordinance.

*Reversed.*