(No. 39431.—

SHAPPERT ENGINEERING COMPANY, Appellant, *vs.* DELORES E. WEITEMEYER, County Treasurer, *et al.,* Appellees.

*Opinion filed January 25, 1966.*

MILLER, THOMAS, HICKEY & COLLINS, of Rockford, (FRANCIS E. HICKEY and LOUIS R. GILBERT, of counsel,) for appellant.

JOHN A. STROM, State's Attorney, of Belvidere, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff filed this action asking that the assessment of its personal property by the assessor of Boone County be declared void and that the county treasurer be enjoined from attempting to enforce collection of taxes, or, in the alternative, that the court fix the proper assessment. The defendant officials moved to strike the amended complaint on the ground that plaintiff failed to exhaust its administrative remedy by filing its complaint with the board of review in apt time, and because it had not followed statutory procedures. The motion was granted and plaintiff elected to stand on the amended complaint. We have jurisdiction since the revenue is involved.

The complaint charges that the assessor fraudulently over-valued plaintiff's property, that he included in his assessment valuation allegedly omitted items of personal property which were not the property of this taxpayer and that he included a penalty of 50% of the value of such omitted items. It alleges that an assessment complaint was filed with the board of review on September 11, 1964, and that body refused to accept the complaint and refused to conduct a hearing. The complaint is evasive, however, on the question of whether September 11, 1964, was within the time in which a complaint could be filed. Section 108 of the Revenue Act, (Ill. Rev. Stat. 1963, chap. 120, par. 589(4),) provides that in counties of this size complaints shall be filed by August 1st unless the assessment books are

not filed by July 20th, in which event complaint may be filed on or before ten days after such lists are filed. Plaintiff does not allege that September 11th was within the extended time provided by statute but contents itself with statements that it was "within the time in which the Board * * * was receiving complaints by mail" and "at the time in which the Board * * * was in session for the purpose of hearing complaints." As pointed out in the motion to dismiss, the complaint neither set out the publication notice of the Belvidere Daily Republican in regard to the final date for filing complaints nor even referred to the final date in the complaint. We are of the opinion that plaintiff had the burden of showing compliance with the time limitations of the statute for the filing of its complaint and that it failed to meet that burden.

The question of whether complaint to a board of review is a prerequisite to relief from the courts to escape, reduce or recover taxes paid under protest has been presented to this court with respect to both real and personal property and in actions ranging from charges of irregularity to constructive fraud in over-valuation. (*People ex rel. Nordlund* v. *Lans*, 31 Ill.2d 477; *Mix* v. *People*, 116 Ill. 265; *People* v. *Spurgeon Mercantile Co.* 352 Ill. 620.) It has been consistently held that application to the board of review for correction of an erroneous assessment must be made before an aggrieved taxpayer is entitled to relief by the courts. The salutary reason for requiring exhaustion of this administrative remedy is to afford the taxing authorities an opportunity, in the first instance, to correct fraudulent or excessive assessments.

Here, plaintiff failed to show that it had properly pursued its remedy of filing a complaint with the board of review, and the judgment order of the circuit court of Boone County dismissing the complaint is, accordingly, affirmed.

*Judgment affirmed.*