*In re* APPLICATION OF THE COUNTY TREASURER AND EX OFFICIO COUNTY COLLECTOR OF COOK COUNTY.—(AMERICAN NATIONAL BANK AND TRUST COMPANY, Trustee, Objector-Appellant.)

(No. 57932;

First District (3rd Division)—February 20, 1975.

David E. McCracken, III, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Henry A. Hauser, and Michael Kreloff, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

The county treasurer filed an application in the Circuit Court of Cook County for judgment and order of sale against real estate returned delinquent for the nonpayment of general taxes for 1969 and to determine the correct taxes where paid under protest. Objector, as owner of two parcels of real estate involved in the application, filed its objections, claiming that the parcels were fraudulently overassessed for the year 1969. Objector appeals from the order sustaining applicant's motion to dismiss the objections. The issues presented for review are:

I. Whether notice by publication of the time to file complaints with the Board of Appeals of Cook County pursuant to section 115 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 596) violates due process of law.

II. Whether a 10-day period in which to file complaints with the Board of Appeals has been provided.

III. Whether a taxpayer must exhaust his statutory administrative remedy of filing a complaint with the Board of Appeals before filing an objection to the application in the Circuit Court. The material facts herein are as follows.

Objector is the owner of two parcels of real estate which it claims were fraudulently overassessed for 1969. One of the parcels is located in the town of West, and one in the town of South. The full amounts of taxes on both parcels were paid under protest. On Friday, July 11, 1969, the Board of Appeals published a notice in CHICAGO TODAY that complaints for the town of West would be received from July 11, 1969,

through July 21, 1969. The Board published a notice on Monday, December 22, 1969, in CHICAGO TODAY that complaints for the town of South would be received from December 22, 1969, through January 2, 1970. Objector did not file a complaint with the Board of Appeals but did file objections in court. Applicant's motion to dismiss the objections was sustained on the grounds that the Board of Appeals properly published notice of time to file complaints, that the notice provision is constitutional, and that the objector had failed to exhaust his administrative remedies by his failure to file complaints with the Board of Appeals. Objector appeals from the order of dismissal.

## I.

Objector contends that section 115 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 596), in providing notice to a taxpayer of the time during which complaints may be filed before the Board of Appeals of Cook County, violates due process of law in that (1) a newspaper publication is insufficient; (2) the statute fails to fix a date certain for filing; and (3) it is further insufficient in requiring only one newspaper publication 10 days before the time for filing terminates. Section 115 provides in pertinent part:

"In counties containing 500,000 or more inhabitants, at least one week before the meeting of the board of appeals to revise and correct assessments, the board shall publish a notice of the time and place of its meeting. The board shall, from time to time, publish notices which shall specify the date and place at which complaints may be filed and the towns or taxing districts, the real estate or personal property assessments, or both, for which have heretofore been completed by the county assessor, and which will be considered for revision and correction at such time. All notices required by this section may provide for a revision and correction at the specified time of one or two or more towns or taxing districts, and all such notices shall be published once in at least one newspaper of general circulation published in the county. The board of appeals at the time and place fixed, and upon notice given from time to time as in this section provided, may receive and hear complaints and revise and correct such assessments by towns or taxing districts, subject to the condition that complaining taxpayers shall have at least ten days after the date of publication of the notice within which to file complaints." *

---

* Subsequently amended by P.A. 76-2254 to "1,000,000" in place of "500,000," and by P.A. 78-450 to "20 days" in place of "ten days." Ill. Rev. Stat. 1973, ch. 120, par. 596.

## (1)

In arguing that a newspaper publication is insufficient, objector cites *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652, and *Walker v. City of Hutchinson* (1956), 352 U.S. 112, 1 L.Ed.2d 178, 77 S.Ct. 200, for the proposition that the distinction between in rem and in personam is irrelevant in determining the notice requirements of due process, and also "to gain perspective" as to the sufficiency of notice by publication where property rights are involved. However, neither the cited cases involved administrative tax proceedings. The notice in *Mullane* was published by the defendant bank to inform a beneficiary of its petition to the court for approval of its accounts as trustee of a common trust fund. The United States Supreme Court there held notice by publication constitutionally sufficient as to unknown parties and unknown interests or addresses, but insufficient as to known parties with known places of residence, stating:

"This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that in the case of persons missing or unknown employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. [Citations.]

Those beneficiaries represented by appellant whose interests or whereabouts could not with due diligence be ascertained come clearly within this category. As to them the statutory notice is sufficient. However great the odds that publication will never reach the eyes of such unknown parties, it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable.

"Nor do we consider it unreasonable for the State to dispense with more certain notice to those beneficiaries whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge of the common trustee. * * * and we have no doubt that such impracticable and extended searches are not required in the name of due process. The expense of keeping informed from day to day * * * would impose a severe burden on the plan, and would likely dissipate its advantages. These are practical matters in which we should be reluctant to disturb the judgment of the state authorities." 339 U.S. 306, 94 L.Ed. 865, 875, 317-318.

In *Walker* the notice held insufficient was published by the city in a court action to condemn property where the landowner's name was available from the official record of the city; the court stated that there was no compelling or even persuasive reason why direct notice could not be given.

Objector's reliance on *Griffin v. County of Cook* (1938), 369 Ill. 380, 16 N.E.2d 906, is misplaced. The court there held the statutory notice under a 1937 statute to be insufficient in a judicial proceeding intended to adjudicate the validity of tax levies before extension, in which the judgments were to be final and conclusive in any subsequent proceedings. The notice there did not concern itself alone with the assessment and levy of taxes but involved the sufficiency of a published notice to obtain jurisdiction of the parties in a judicial proceeding.

■■ The courts have often held that the taxation of property is a legislative and not a judicial function. (*La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 312 N.E.2d 252.) The process of taxation does not require the same kind of notice as in judicial proceedings and does not violate due process when it is executed under the customary forms or usage, or in subordination to the principles which underly them. (*King v. Mullins* (1898), 171 U.S. 404, 43 L.Ed. 214, 18 S.Ct. 925; *Bell's Gap R.R. Co. v. Pennsylvania* (1890), 134 U.S. 232, 33 L.Ed. 892, 10 S.Ct. 533.) Due process requires a notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of action and to afford an opportunity to present objections. (339 U.S. 306, 314.) Tax laws must be given a reasonable construction, without bias or prejudice against either the taxpayer or the state, in order to carry out the intention of the legislature and further the public interest that such statute subserves. *People ex rel. Conner v. Burgess-Norton Manufacturing Co.* (1971), 49 Ill.2d 397, 275 N.E.2d 403.

The notice here is not a court process for acquiring jurisdiction of the parties or subject matter, but rather a public announcement generally, given by the Board of Appeals to inform all taxpayers of the period during which complaints may be filed pursuant to the statute. The statute itself is notice of the opportunity for hearing and also stands as prior notice that the dates and towns as to which complaints may be filed will be published by the Board in a newspaper. Section 114 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 595) provides that the Board of Appeals shall meet on or before the third Monday in June of each year for the purpose of revising the assessment of property and that such meeting may be adjourned from day to day as may be necessary; and section 125 provides that the final date of adjournment of the Board shall be 60 days after the date of the last delivery to it of the

assessment books for any towns or taxing district. The statute thereby adequately designates the period during which the Board will consider complaints, implemented by the publication of specific dates as therein provided.

In *People ex rel. Ball v. Anderson* (1961), 21 Ill.2d 396, 172 N.E.2d 760, involving a Fulton County board of review hearing under section 103 of the Revenue Act of 1939 (Ill. Rev. Stat. 1959, ch. 120, par. 584), the court held that publication and notice are not required in order to meet the requirements of due process if, by some means, the taxpayer has sufficient notice and opportunity of a hearing. The statute there provided for publication of assessments by the supervisor of assessments "as soon as he has completed the assessment," comparable to section 104 applicable in Cook County. Although publication of the assessment occurred after the statutory deadline date fixed for filing complaints before the board of review, the taxpayer's right to appear before the board of review and be heard as to the correctness of his assessment was held to be after the publication of the list as required by statute. The provision for publication of the assessment list was there held a means of affording notice of the assessment for such hearing.

In *Dietman v. Hunter* (1955), 5 Ill.2d 486, 126 N.E.2d 22, the court held that one hearing at any stage of the assessment proceedings meets the constitutional requirements of due process, stating that if the law secured to the defendant a hearing after the assessment was in fact made by the statute, that would be sufficient. It is therefore necessary to examine the statutory structure for assessment of real property for tax purposes in Cook County which has many stages and is built upon powers granted to the General Assembly by the Illinois Constitution (Ill. Const. art. IX, §§ 1 and 4 (1970); art. IX, § 1 (1870)).

In addition to those previously cited, other pertinent provisions affording notice of assessment and opportunity for hearing appear in section 30 and following section of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, pars. 511 *et seq.*), including: (par. 524) on or before June 1, in each quadrennial year, as soon as he reasonably can, the assessor shall assess; (par. 525) in intervening years the assessor shall list and assess all real property which becomes taxable; (par. 578) the assessor shall have authority annually to revise and correct assessments, and on written complaint by any taxpayer afford an opportunity for hearing there before the assessment is completed; (par. 579) the assessor shall sit each year for revision of assessments and shall fix the time of such sitting by notice after the assessment books for one or more townships or districts have been completed, and at least one week before each sitting shall publish a notice in some newspaper of the time and place of such sitting; upon

completion he shall deliver the books to the Board of Appeals; (par. 583) when requested, the assessor shall deliver to any taxpayer a statement of the valuation placed on his property; (par. 585) each year of a quadrennial assessment the assessor shall publish a full and complete list of his assessments as soon as completed, and in other years shall publish a complete list of assessments in which changes are made, in a newspaper of general circulation in the county, except where a newspaper is published in such township it shall be published therein, and in cities of more than two million it shall be published within such city; and (par. 597) in no case shall the Board of Appeals increase the assessment unless the taxpayer is first notified in writing and given an opportunity to be heard.

Considering the various provisions of the statute which of themselves provide notice and opportunity for a hearing, section 115 clearly provides sufficient notification by publication of the filing dates which necessarily come within the span of time fixed by statute for the initial meeting and final adjournment of the Board of Appeals. (Pars. 595 and 606.) In *Lander v. Mercantile National Bank* (1902), 186 U.S. 458, 46 L.Ed. 1247, 22 S.Ct. 908, the United States Supreme Court held that the constitutionality of the tax proceedings is not affected by the fact that the board met at the time fixed by law and adjourned without fixing a date for a subsequent meeting, if by the exertion of a trifling effort, the taxpayer could have ascertained when such meeting took place.

■■ Given the statutory period when the Board of Appeals was required to meet, and the other assessment procedures set out in the statute, particularly, that the assessor, as soon as he reasonably can, shall deliver the books to the Board, after which the hearings before the Board necessarily follow, the statute and the notice by publication together satisfy the requirements of due process.

(2)

Objector argues that a primary weakness of the notice provision in section 115 is its failure to specify fixed dates ascertainable on the face of the statute during which the Board of Appeals will receive complaints to review assessments. Reliance on *Griffin v. County of Cook, supra,* which involved the 1937 preadjudication statute, is again misplaced. The statute there did not concern itself alone with assessment and levy of taxes but involved judicial proceedings to confirm tax levies and conclusively bar further objections as to their legality. Objector also insists that a majority of the sister states provide fixed dates in corresponding statutes which should be given great weight in determining the reason-

ableness of the notice herein, citing *Roller v. Holly* (1900), 176 U.S. 398, 44 L.Ed. 520, 20 S.Ct. 580. While those statutes may be entitled to some consideration as a general expression by other legislative bodies upon the question of the reasonableness of notice, they are neither binding nor persuasive in the instant case.

A statute which names the time and place for the meeting of the assessing board or the board of review at which a taxpayer can appear and be heard, is sufficient notice to satisfy due process (*Landers v. Mercantile Bank, supra*), but when the statute does not so fix the time and place of the meeting a notice pursuant thereto must so provide the time and place. (See *City of Norfolk v. Young* (1900), 97 Va. 728, 34 S.E. 886.) "The fact that a public statute, of which every one must take notice, creates an official board vested with the power to adjust assessments, and requires it to meet for that purpose on certain dates and to publish notice of such meetings in the newspaper and by handbills, and provides that persons so assessed shall have an opportunity to attend its proceedings and be heard with reference thereto, so far as they may be affected by them, is all that the legislature is bound to concede." 72 Am. Jur. 2d *State and Local Taxation* § 825, at 135 (1974); see *State ex rel. Harrison County Bank v. Springer* (1896), 134 Mo. 212, 35 S.W. 589.

■■ In *People ex rel. Ball v. Anderson, supra,* the necessity for flexibility in dates for hearing before a board of review was clearly demonstrated notwithstanding the deadline fixed by statute for filing complaints. The court determined that the taxpayer's right to be heard as to the assessment is after the completion of the assessment by the assessing authority. Since the legislature has considered it necessary in Cook County to provide a flexible date "as soon as he reasonably can," rather than a fixed date, for the assessor to complete assessments and to publish the assessment list with an opportunity for a hearing and revision by the assessor, it is also reasonable and necessary to provide that the Board of Appeals hearings be coordinated by a similar flexibility of dates to be set by the Board from time to time as each town is completed by the assessor. It is not reasonably possible or practicable to provide a fixed date. In Cook County, which is large and populous, the completion dates by the assessor in the many townships will vary each year. A taxpayer's right to appear before the Board of Appeals and to be heard as to the correctness of his assessment, as well as his determination so to do, is after the assessment list has been completed and published in accordance with section 98 and 104. In view of the foregoing, we hold that the omission of a fixed date in the statute does not violate due process.

## (3)

It is argued that a further insufficiency in the statute is the requirement for publication in only one newspaper 10 days before the time for filing complaint terminates. Objector has admitted that the notice for the town of West appeared on July 11, 1969, permitting complaints to be filed through July 21, 1969, and that the notice for the town of South appeared on December 22, 1969, permitting complaints to be filed through January 2, 1970.

In *People ex rel. Lunn v. Chicago Title & Trust Co.* (1951), 409 Ill. 505, 100 N.E.2d 578, the board of review, pursuant to the applicable statute, mailed notices of a proposed increase in valuation to more than 50 property owners of a taxing district. The court there held that the mailing of the notice 8 days in advance of the hearings did not contravene any provision of the statute, and in the absence of any showing that the objectors were harmed thereby, it could not be said that the notice was unreasonably short. In *People ex rel. Bracher v. Orvis* (1921), 301 Ill. 350, 133 N.E. 787, a similar statute providing for notice to not less than 50 taxpayers of the taxing district was considered. The court reiterated that boards of supervisors and boards of equalization in reviewing or equalizing assessments of taxes, though acting judicially, are not courts and do not exercise the judicial powers of courts in so doing. In holding that laws must have a practical effect, the court went on to state: "Whether or not a public notice posted or published in the newspapers would have been a more efficient notice for that purpose is not the question involved in this case. That was one resting in the discretion of the legislature." 301 Ill. 350,. 361.

■■ Whether or not more than one newspaper publication or a longer period of time is practical or possible in the entire statutory scheme is for the legislature to determine. Considering the various preceding steps in the assessment procedure, the publication as provided by the statute is reasonable and sufficient.

## (4)

Although objector has indicated that the notice issue is one of first impression as it relates to hearings by the Board of Appeals, a statute containing language strikingly similar to that in the case at bar was held constitutional in *Heidenway v. Harding* (1929), 336 Ill. 606, 168 N.E. 630. There the statute was challenged for failing to fix the time and place for the meeting of the tax commission and for failing to require notice by the board of assessors to any taxpayer before making the reassessment. The State tax commission there ordered a reassessment of all real

estate in Cook County. Section 14 of the statute (set forth in 336 Ill. at page 612) provided in pertinent part:

" 'for the purpose of reviewing and equalizing such reassessment, the board of review of the county in which the re-assessment is made shall review and correct such re-assessment. The tax commission shall fix the time and place of the meeting of the board of review to review and correct such re-assessment. At least one week before the meeting of such board of review to review and correct such re-assessment, the board of review shall publish a notice of the time and place of its meeting for such purpose in at least one newspaper of general circulation published in the county in which such re-assessment is made. The board of review shall convene at the time and place fixed in such order and shall review, correct, return and certify such re-assessment in like manner, and shall have and exercise all the powers and authority given to boards of review and shall be subject to all the restrictions, duties and penalties of such boards.' "

The court stated that the foregoing section was passed for the express purpose of giving notice and an opportunity for a hearing to taxpayers under the Act which provided for reassessment of property. It afforded the property owner an opportunity to object to the reassessment after it was made and gave an opportunity for a hearing thereon. The court further stated at page 613:

"While it is called a re-assessment, it is, in fact and in effect, a new or original assessment of all of the real property of the county, and is governed by the rules of law applicable to original assessments. The legislature had a right to make provision for the correction of inequalities in assessments and failures to comply with the law, such as the pleadings show in this case. In populous counties like Cook it would be practically impossible to give individual notices prior to the re-assessments or to have individual hearings prior thereto. The order of the tax commission directs the various assessing officers to re-assess the real property. Section 14 of the statute provides for the reviewing and correction of the reassessment by the board of review and that notice shall be given thereof so that the tax-payer will have notice, with an opportunity to be heard. Due process of law simply requires that the property owner be given notice and an opportunity to be heard, and section 14 complies with the tests generally laid down by the courts."

In matters of taxation states have a very broad latitude, and the presumption of constitutionality which accompanies a State's scheme of taxation may be overcome only by a clear showing that it is arbitrary and

unsupportable by any set of facts. *Madden v. Kentucky* (1940), 309 U.S. 83, 84 L.Ed. 590, 60 S.Ct. 406; *People ex rel. Kutner v. Cullerton* (1974), 58 Ill.2d 266, 319 N.E.2d 55.

■■ Section 115 in the instant case provides sufficient and adequate notice and opportunity for hearing before the Board of Appeals and does not violate due process.

## II.

Objector additionally contends that even if section 115 is not unconstitutional on its face, the Board of Appeals failed to comply with the notice provision that taxpayers shall have at least 10 days after the date of publication of the notice within which to file complaints. We disagree.

Objector argues that failure to comply occurred with respect to both parcels of property; first, as to the property in the town of West, since the notice appeared on Friday, only 7 days were available for filing; and as to town of South, where the publication appeared on Monday, December 22, 1969, the Board was open to receive complaints only 7 days, since December 25, 27, and 28 and January 1 fell on Christmas, Saturday, Sunday and New Year's Day respectively. Objector reasons that the taxpayer's failure to complain to the Board of Appeals should therefore be excused and not preclude relief in court. Section 115 requires that "complaining taxpayers shall have at least ten days after the date of publication of the notice within which to file complaints." The statutory construction applicable is contained in section 1.11 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1969, ch. 131, par. 1.11), which states:

> "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the date succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded."

■■ The Illinois Supreme Court has followed the general rule in counting days in a statutory provision for notice that Sundays and holidays intervening between the day of posting and the date stated for the commencement of proceedings should be counted. (*Gordon v. People ex rel. Kern* (1895), 154 Ill. 664, 33 N.E. 560; *People ex rel. Stuckart v. Snow* (1917), 279 Ill. 289, 116 N.E. 670.) Sundays and holidays will be excluded from the statutory computation only when the final day for the doing of an action falls on such days. (*Wahl v. City of Nauvoo* (1895), 64 Ill.App. 17; *Pettigrove v. Parro Construction Corp.* (1963), 44

Ill.App.2d 421, 194 N.E.2d 521.) If the legislature had intended to provide 10 working days within which to file complaints before the Board of Appeals or had intended to exclude weekends or holidays in light of the specific provisions of section 1.11, it would have specifically so provided.

## III.

Objector's final contention is that the general rule that a taxpayer must exhaust his statutory remedy before challenging an allegedly fraudulent assessment in court should be reversed. In the instant case objector has paid the taxes under protest and argues that *People ex rel. Nordlund v. Lans* (1964), 31 Ill.2d 477, 202 N.E.2d 543, is the only decided case in which the rule has been applied where the taxes had been similarly paid under protest. While conceding that the supreme court there required that the statutory remedy be exhausted, objector urges that the general rule be reversed. Where the supreme court has declared the law on any point, it alone can overrule and modify the previous opinion, and we are bound by such decision and it is our duty to follow such decision in similar cases. (*Agricultural Transportation Association v. Carpentier* (1953), 2 Ill.2d 19, 27, 116 N.E.2d 863.) Accordingly, we follow *Nordlund* in the instant case.

■■ The supreme court of this State has consistently held that a taxpayer's failure to seek administrative review of an allegedly fraudulent or otherwise excessive assessment of property precludes him from seeking a judicial determination or review of such an issue. (*People ex rel. Needham v. Abbott Estate* (1970), 47 Ill.2d 491, 497, 265 N.E.2d 612; see also *Shappert Engineering Co. v. Weitemeyer* (1966), 34 Ill.2d 97, 213 N.E.2d 530; *People ex rel. Nordlund v. Lans* (1964), 31 Ill.2d 477, 202 N.E.2d 543; *Sanitary District v. Young* (1918), 285 Ill. 351, 120 N.E. 818; *People ex rel. County Collector v. Bostwick* (1965), 33 Ill.2d 74, 210 N.E.2d 189; *People ex rel. Paschen v. Hendrickson-Pontiac, Inc.* (1956), 9 Ill.2d 250, 137 N.E.2d 381; *O'Fallon Development Co., Inc. v. Ring* (1967), 37 Ill.2d 84, 224 N.E.2d 782.) We recently determined that the doctrine of exhaustion of remedies is fully as applicable under the 1970 Illinois Constitution as it was under the 1870 Constitution. *In re Application of Korzen* (1974), 20 Ill.App.3d 531, 533, 314 N.E.2d 593, 595.

■■ The reasons for the rule have been often reiterated by our supreme court. "The salutary reason for requiring exhaustion of this administrative remedy is to afford the taxing authorities an opportunity, in the first instance, to correct fraudulent or excessive assessments." (*Shappert Eng. Co. v. Weitemeyer,* 34 Ill.2d 97, 99.) The administrative remedy for alleged assessment errors provided by statute was meant

"to provide a simple, economical and expeditious method whereby a taxpayer might secure a review thereof \* \* \*." (*People ex rel. County Collector v. Bostwick*, 33 Ill.2d 74, 77.) The statutory provisions concerning the taxpayer's right to have the assessor's valuation reviewed by an administrative body was intended "'\* \* \* to provide adequate protection against fraudulent or excessive assessments of every kind and character.'" (*People ex rel. Nordlund v. Lans, supra*, quoting with approval from *Sanitary District v. Young, supra*.) "The legal remedy by way of payment under protest followed by objections to the application for judgment for delinquent taxes provides an adequate remedy at law wherein the alleged irregularities and violations of plaintiffs' constitutional rights may be litigated and, if warranted, relief granted." *La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 324, 312 N.E.2d 252.

■■ Objector here asserts only that a great injustice will result if it is denied relief by application of the exhaustion doctrine. If, as it impliedly asserts, it may not have been aware of the period for filing complaints, a demand upon the Board of Appeals to consider the complaint in the first instance may have been appropriate. (See *First National Bank v. Board of County Commissioners* (1924), 264 U.S. 450, 68 L.Ed. 784, 44 S.Ct. 385.) The court could not inquire into the fairness of assessment even if the Board improperly refused to hear objector's evidence of values, since it was objector's duty to secure such hearing by mandamus. (*Cf. People ex rel. McDonough v. Goldberg* (1933), 354 Ill. 423, 188 N.E. 428.) However, since the record in the instant case is devoid of any allegation that objector attempted to file a complaint with the Board, mandamus was not yet necessary. (See *White v. Board of Appeals* (1970), 45 Ill.2d 378, 259 N.E.2d 51.) The reasons for requiring an exhaustion of statutory remedy still maintain and are applicable herein.

## IV.

For the reasons set forth, the order of the circuit court of Cook County dismissing the objections was proper and is affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.