(No. 84-CC-1417— )

RICHARD JATERKA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed April 3, 1984.*

*Order on stipulation filed November 21, 1986.*

HELLER & MORRIS & ASSOCIATES, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss and Claimant's response to said motion.

Respondent bases its motion to dismiss on the ground that the accident on which this claim is based occurred on November 1, 1982, and that the notice of claim was filed on May 2, 1983, one day late, in violation of section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—1), which requires notice of claim be filed within six months.

Claimant's response sets forth that May 1, 1983, was a Sunday and cites section 1.11 of "An act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1012), which states:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded."

Claimant also cited among his cases, in support of his position, *In re Application of County Treasurer* (1975), 26 Ill. App. 3d 753, which states that Sundays and holidays will be excluded in the statutory computation of notice period within which taxpayers might file complaints.

It is hereby ordered that Respondent's motion to dismiss be, and the same is, denied, and this cause is ordered set for hearing before a Commissioner.

## 133

## ORDER ON STIPULATION

HOLDERMAN, J.

This cause coming to be heard on this date upon the stipulation for dismissal with prejudice filed herein by the above-named parties, and the Court having examined said stipulation and being fully advised in the premises, finds that the parties have stipulated and agreed to dismissal of the complaint with prejudice, and that the Court further finds that all costs have been paid.

It is therefore ordered that the claim of the Claimant against the Respondent be and the same is hereby dismissed with prejudice.