JAMES W. PRIOR *et al.*

*v.*

THE PEOPLE *ex rel.* Seipp.

*Filed at Ottawa November 20, 1883.*

1.  TAXES—*whether delinquent list is filed in time.* Where the delinquent list was filed in the county court on July 4, and the first day of the next term of said court was July 9, it was *held*, that the list was filed five days before the commencement of the term, and in time to give the court jurisdiction at such term to render judgment against the lands for special assessments. The wording of the statute requiring "at least five days" to intervene, will not change the rule of construction so as to require five full days at the shortest.

2.  TIME—*how computed.* In computing the time within which an act provided by law is to be done, Sunday is to be excluded only when it is the last day.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. MASON BROTHERS, for the appellants:

The county court had no jurisdiction of the case, because the delinquent list was not filed in apt time. The statute requires the delinquent list to be completed at least five days before the commencement of the term at which application for judgment is to be made. (Rev. Stat. chap. 120, sec. 188.) This means that the list must be filed in court at that time.

The filing of the delinquent list is the foundation of the court's jurisdiction. Rev. Stat. chap. 120, sec. 190; *Morrill* v. *Swartz,* 39 Ill. 108.

This point being jurisdictional, can not be remedied by the Revenue law. Rev. Stat. chap. 120, sec. 191.

Where the delinquent list has been filed within five days of the term, the proper course is to postpone the application to another term, so that at least five days may intervene between

the filing and the application for judgment. *Stilwell et al.* v. *People,* 49 Ill. 45.

The wording of the statute, "at least five days," shows that five full days are required, at the shortest.

The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last is Sunday, and then it also shall be excluded. (Rev. Stat. chap. 131, sec. 1.)  Now, in the case at bar, the delinquent list was filed July 4, 1883, and the application for judgment was made on the first day of the July term,—July 9, 1883.  July 5th, 6th, 7th and 8th, only make four days.  Excluding Sunday, only leaves three days.  In either case the five days' requirement of the statute, on which the jurisdiction of the court depends, has been disregarded.

Mr. A. W. GREEN, for the appellee:

Prior to 1879, section 188 of the Revenue act required the county collector to file the delinquent list with the county clerk at least five days before the commencement of the term. In 1879 this section was amended, and as amended only requires the collector to transcribe the delinquent list in a book five days before the commencement of the term.  There is nothing in this record to show that this provision of the statute has not been complied with.  But even if the statute required the delinquent list to be filed five days before the commencement of the term, it would seem that the list was filed in time.  It was filed July 4.  The first day of the term was July 9.  Excluding the first day, and including the last, as provided by section 1, chapter 131, of the Revised Statutes, we have just five days.

It is said, however, that Sunday, July 8, must be excluded. But the statute says that Sunday must be excluded when it is the last day.  In this case the last day is not Sunday, July 8, but Monday, July 9.  Sunday, therefore, should not be excluded.

The objection could not be sustained, even if the list had not been filed until the commencement of the term. This precise point was ruled in *Leindecker* v. *People*, 98 Ill. 21.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, for the sale of certain real estate for the non-payment of a special assessment.

The only point made by appellants is, that the county court had no jurisdiction because the delinquent list was not filed five days before the commencement of the term of court at which application for judgment was made; that the filing of the delinquent list is the foundation of the court's jurisdiction, and, being jurisdictional, can not be remedied by section 191 of the Revenue law. The delinquent list appears to have been filed in time,—five days before the commencement of the term of court at which application for judgment was made. It was filed July 4. The first day of the term of the court was July 9. It is the statutory provision that "the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last is Sunday, and then it also shall be excluded." (Rev. Stat. 1874, p. 1012, sec. 1, clause 11.) We do not think the wording of the statute as to the time of filing the delinquent list, "at least five days," should change the construction so as to require five full days at the shortest, as is insisted.

One of the days, July 8, being Sunday, it is said that should be excluded. But the statute only says that Sunday shall be excluded when it is the *last* day.

The judgment will be affirmed.

*Judgment affirmed.*