### The People of the State of Illinois ex rel. Alfio Murabito, Petitioner, v. Theodore F. Ehler, Municipal Court Judge, Respondent.

### Gen. No. 30,490.

1. TIME—*computation of period for filing bill of exceptions where last day falls on Sunday.* Where the last day for filing a bill of exceptions, pursuant to the original order granting thirty days therefor, fell on a Sunday, the last day is excluded in the computation, and an order entered on the preceding Saturday, extending the time for filing ten days, authorized the filing thereof on the tenth day after the following Monday.

2. MANDAMUS—*laches in filing petition to compel signature of bill of exceptions.* Where relator in mandamus proceedings to compel signature of a bill of exceptions filed his petition at the same time that the record on appeal in the original case was filed, the writ will not be denied on the ground of laches.

3. MANDAMUS—*propriety of order to sign bill of exceptions where refusal based solely upon erroneous belief of want of jurisdiction.* Mandamus will issue to compel signature of a bill of exceptions where no reason for refusal so to do was given other than the erroneous conclusion of the judge that the time within which he had jurisdiction to sign it had expired.

Petition for mandamus to the Municipal Court of Chicago. .Heard in the second division of this court for the first district at the October term, 1925. Writ awarded. Opinion filed February 2, 1926.

Webster, Holmes & Holmgren, for relator; Elmer N. Holmgren, of counsel.

Jacob G. Grossberg and Julius Kabaker, for respondent.

Mr. Justice Fitch delivered the opinion of the court.

This is a mandamus proceeding, by which the relator, who is the appellant in another cause pending in this court, seeks to compel the respondent, one of the judges of the municipal court of Chicago, to sign a bill of exceptions in that case.

The petition alleges that in December, 1924, a judgment by confession was entered in the municipal court against the relator and an execution was issued thereon and levied on his real estate; that in March, 1925, he filed a motion, supported by his petition, to stay the execution and for leave to appear and defend; that the motion and petition (as amended) were heard on March 20, 1925, and at that time were denied, from which ruling he prayed an appeal to this court, which was allowed on his filing an appeal bond in twenty days and a bill of exceptions in thirty days; that he filed his bond within the time allowed, and on April 18, 1925, on his motion, "the time within which the relator might file his bill of exceptions was extended ten days from April 20, 1925, the 30 days so granted as aforesaid expiring on April 20, 1925"; that on April 30, 1925, he tendered a bill of exceptions, which respondent marked "Presented" at that time, but which, ever since that time, he has refused to sign.

To this petition respondent filed an answer admitting everything alleged in the petition, except the allegation that the order of April 18, 1925, extended the

time .for filing the bill of exceptions ten days "from April 20, 1925," which is denied. The answer alleges that, in fact, the order entered on, April 18, 1925, was in the following language: "The time for filing bill of exceptions extended ten days." The answer then avers that under that order the time for filing the bill of exceptions expired on April 29, 1925, and that respondent was without jurisdiction or authority to sign it when it was presented to him for signature on April 30, 1925. These averments in the petition and in the answer as to the effect of the extension are obviously the pleaders' conclusions from the facts recited.

The relator's replication to the answer does not deny that the form of the order of April 18, 1925, was as alleged in the answer, but denies the respondent's conclusion therefrom, and repeats the relator's conclusion or contention that, under that order, the time for filing his bill of exceptions was extended ten days from April 20, 1925.

It thus appears that the disagreement between the parties is as to the legal effect of the order which was entered on April 18, 1925, extending for ten days the thirty days' time allowed on March 20, 1925. The cause for this disagreement is found in the fact that the thirtieth day after the date of the original order was Sunday, April 19, 1925. Relator contends that by analogy to the rule of statutory construction relating to the computation of "the time within which any act provided by law is to be done" (Cahill's St. ch. 131, sec. 1, eleventh clause), the thirtieth day, being Sunday, must be excluded from the computation, and therefore the time fixed by the original order within which he might have presented and filed his bill of exceptions did not expire until Monday, April 20, 1925; from which it is argued that the ten days' extension given by the second order did not expire until ten days thereafter, viz., April 30, 1925.

In reply to this contention, the respondent admits

that if the relator had presented his bill of exceptions on Monday, April 20, 1925—the thirty-first day—it would have been presented in apt time for filing, because the last day of the time allowed was Sunday, and concedes that this is the effect of the ruling in the case of *People v. Scanlan*, 265 Ill. 609, 617. But as the bill was not presented on that day (evidently because the time for filing it had been extended), respondent insists that the thirtieth day, although a Sunday, ceased to be the "last day" in the computation of the time allowed as extended, and became merely an "intervening" Sunday, and hence was properly included in the computation made by him when the bill was presented to him on April 30, 1925.

In support of this contention *Prior v. People,* 107 Ill. 628, and *Gordon v. People,* 154 Ill. 664, are cited. These cases hold that Sunday is only to be excluded from such a computation when it is the last day of the time allowed. But in each of those cases the Sunday in question was clearly not the last day under any method of computation, while here the Sunday in question was in fact the last day under the terms of the original order. The decisions cited, therefore, are not of much help in this case, where the question involved is whether the fact that the last day of the time allowed by the first order was Sunday is material, or should be ignored, in computing the time allowed by the second order.

In construing a similar extension order, the late Mr. Justice Baker said, in *Czajkowski v. Robinson,* 124 Ill. App. 97: "Where time is given for the filing of a bill of exceptions and before the expiration of such time an order is made extending the time for filing the bill, the time so given is to be computed from the expiration of the time given by the former order."

In applying this rule to the facts of this case, we must necessarily first determine what was the date of the expiration of the time given by the first order.

That determination is simple, for respondent concedes that if the relator had presented his bill on Monday, April 20, 1925, it would have been in apt time. It is obvious that if the relator could have made a valid presentation on that day, the time limited by the first order did not expire until that day; and it follows, under the rule above quoted, that the ten days' time given by the second order is to be construed as giving the relator ten days from April 20, 1925, within which to file his bill. Relator's presentation of the bill on April 30, 1925, was therefore within the time allowed by the second order.

Respondent cites, as supporting his contention, the cases of *Anniston Electric & Gas Co. v. Cooper,* 136 Ala. 418, and *Norman v. State,* 147 Ala. 700. In the first of these cases, an order was entered allowing the defendant thirty days within which to present and file a bill of exceptions. No bill was presented within thirty days. The thirtieth day was Sunday. On the next day, the judge of the trial court entered an order extending the time for filing the bill of exceptions ten days. The Supreme Court held that this extension order was made after the time allowed in the first order had expired and was therefore void. It appears from the opinion that the Alabama statute regarding computation of time is in the same words as our statute, and it was contended that the thirtieth day being Sunday, it could not be counted in the computation of the thirty-day period allowed by the first order; but the court held that while "there is very great force in this contention as an original proposition," still the "contention was foreclosed" in that State, because, twenty years before, the court had construed the statute in that State to mean that "while Sundays are generally to be computed in the time allowed for the performance of an act, if the last day happens to be Sunday, it is excluded, and the act must be performed on the day previous (Saturday)." This construction of the stat-

ute has never obtained in this State and is directly contrary to the view expressed in *People v. Scanlan, supra.*

The further point is made by respondent that the relator was guilty of laches in not presenting his petition for mandamus earlier. It appears from the record that the appeal in the original case was perfected to the October, 1925, term of this court, and the petition for mandamus was filed at the same time the record was filed in that case. This being true, we think the relator was not guilty of laches.

As the respondent does not contend that there is any other reason than the one stated for refusing to sign the bill of exceptions tendered for his signature on April 30, 1925, we are of the opinion that he was in error in refusing to sign it as tendered. A writ of mandamus will therefore be awarded, commanding respondent forthwith to certify, sign and place on file in the municipal court the bill of exceptions presented to him on the 30th day of April, 1925.

*Writ awarded.*

Barnes, P. J., and Gridley, J., concur.