(No. 40039.—

O'FALLON DEVELOPMENT Co., INC., Appellee, *vs.* DANIEL F. RING, County Treasurer, *et al.,* Appellants.

*Opinion filed March 29, 1967.*

JOHN M. KARNS, JR., State's Attorney, and EUGENE H. WIDMAN, Assistant State's Attorney, both of Belleville, for appellants.

JONES, OTTESEN & FLEMING, of Belleville, (PATRICK J. FLEMING, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On February 17, 1966, the circuit court of St. Clair County "ordered, adjudged and decreed" that the assessed valuation of a shopping center owned by the plaintiff, O'Fallon Development Co., Inc., "is hereby set and determined for real estate tax purposes at a sum of $194,234 resulting in a tax due and payable for the year 1963 in the sum of $8,095.67." The judgment also directed that upon the payment of that sum the county treasurer expunge from his books and records any penalties and interest due on the 1963 taxes, and that "the tax sale held on these 1963 taxes, after the filing of this suit be and the same is hereby set aside and declared to be null and void and of no force and

effect." The defendants, who are the county treasurer, the county clerk and the members of the board of review of St. Clair County, have appealed directly to this court. The revenue is involved.

The amended complaint, upon which this order was based, identified the defendants, alleged the plaintiff's ownership of the property in question and that the plaintiff had been notified of an initial assessment for real-estate tax purposes in the sum of $479,348. It also alleged that the plaintiff "by and through its attorneys followed proper procedures" which resulted in hearings held before the Board of Assessors, and that on September 18, 1963, and again on September 30, 1963, the Board of Assessors determined "that the state equalized assessed valuation for this property should be $194,234." The amended complaint further alleged:

"10. That prior to this time an agreement had been reached by the Board of Assessors and the Board of Review that insofar as initial real estate tax assessments were concerned the Board of Review would concur in the opinion of the Board of Assessors in regard to these assessments.

"11. That in addition on Thursday, June 18, 1964, plaintiff by and through its attorneys appeared at a hearing at the Board of Review and advised of the previous action taken in regard to this assessment by the Board of Assessors of St. Clair County, and was advised by Russell Wright, Chairman of the Board of Review, at that time that the Board of Review would check on the action taken by the Board of Assessors and would concur in that action.

"12. That subsequently thereto, the minutes of the meetings of September 18, 1963 and September 30, 1963, were not properly transcribed by the office of the Board of Assessors to the tax books so that the proper entry was never made on the collector's books of O'Fallon Township.

"13. That subsequently thereto a 1963 real estate tax bill was issued by Howard E. Davison, Tax Collector, O'Fallon Township to the plaintiff showing an assessed valuation for tax purposes of $479,348.00, and a tax due of $19,979.24.

"14. That subsequent thereto, plaintiff by and through its attorneys, transmitted this bill to the attention of the Board of Assessors at which time it was agreed upon by the Board of Assessors that a certificate of error be issued correcting this tax bill

to comply with the decision of the Board of Assessors made on September 18, 1963 and September 30, 1963.

"15. That subsequent thereto a Certificate of Error was duly prepared, issued and signed by the requisite number of members of the Board of Assessors.

"16. That subsequent thereto this Certificate of Error was transmitted to the office of the Board of Review after which time plaintiff, by and through its attorneys, was advised by Russell Wright, a member of the Board of Review, that the Board of Review refused to execute such Certificate of Error.

"17. That because of the refusal of the Board of Review to properly execute this Certificate of Error, the Certificate of Error was never transmitted to the Treasurer's Office and that insofar, as the real estate owned by the plaintiff is concerned, this tax is now shown as delinquent and due and outstanding in the amount of $19,979.24."

The complaint prayed that the court (1) order the members of the board of review to execute the certificate of error; (2) order the county treasurer to expunge from his books any penalties and interest; (3) enjoin the county treasurer from taking any further action for the purpose of collecting the "tax assessment" for the year 1963; (4) find as a matter of law that the proper and legal assessed valuation of the plaintiff's property is $194,234, and determine that the proper amount of tax due and payable for 1963 real-estate taxes will be the sum of $8,095.67; (5) order the county treasurer, after receipt of that amount, to make entries on his books to show that the tax is not delinquent and not a lien upon the property of the plaintiff, and (6) "find as a matter of law that the decision of the Board of Assessors as to the assessed valuation for tax purposes is binding upon the Board of Review."

On July 28, 1965, the defendants moved to dismiss the complaint. Thereafter, on September 3, 1965, the court ordered that "the sale of the property described in the complaint for 1963 taxes is hereby suspended until further order of this Court." On February 17, 1966, the plaintiff filed its amended complaint, the allegations of which have been described, and on the same date the court entered the

order that has been described. On March 11 the defendants moved to vacate that order and for leave to answer the amended complaint. These motions were denied on April 27, 1966, and on that date the court denied the motion to dismiss the original complaint. This appeal followed.

The contention of the defendants that the court erred in entering judgment for the plaintiff without affording them an opportunity to answer the original or the amended complaint must be sustained. Like a demurrer, a motion to dismiss admits facts well pleaded; but it admits them only for the purpose of determining whether, as a matter of law, those facts state a claim upon which relief may be granted. The defendants did not elect to stand by their motion, and it was error to refuse to permit them to answer. The judgment of the circuit court must therefore be reversed.

Whether the cause should be remanded for further proceedings depends upon whether or not the amended complaint alleges facts that are legally sufficient to entitle the plaintiff to the relief it seeks. The defendants contend that it does not, and that their motion to dismiss should have been sustained. We turn, therefore, to an examination of the plaintiff's allegations in the light of applicable legal principles.

The allegation that an agreement had been reached by the board of assessors and the board of review that insofar as initial real-estate tax assessments were concerned, the board of review would concur in the opinion of the board of assessors, assumes that a board of review is legally authorized to agree to abdicate its statutory duty. No statute granting that authority has been cited, and we are aware of none.

While the amended complaint alleges that the plaintiff's attorneys appeared before the board of review, it fails to allege that a written complaint was at any time filed. The allegation that the chairman of the board of review stated that the board would "check on the action taken by the

Board of Assessors and would concur in that action" does not supply the deficiency. A statement of a single member of the board of review cannot bind the board and in any case, as the complaint further alleges, the board of review refused to execute the certificate of error which the complaint alleges had been signed by the requisite number of members of the board of assessors. This court has consistently held that the administrative remedies provided by the statute must be complied with if the taxpayer seeks relief from an assessment which he believes to be fraudulent or excessive.

This rule was recently applied in *People ex rel. Nordlund* v. *Lans*, 31 Ill.2d 477. Our opinion in that case quoted the following passage from *Sanitary District of Chicago* v. *Young*, 285 Ill. 351, 368: "It has been frequently declared by this court that it is the policy of our law that the whole matter of the valuation of property for taxation should be committed to the control of the Assessor, the Board of Review and the Board of Supervisors of the respective counties, and that a party aggrieved by an excessive valuation, fraudulently or otherwise made, should apply to the Board of Review for a correction of the assessment. The statutory provisions concerning the taxpayers right to have the assessors valuation of his property for taxation reviewed by the Board of Review are intended to provide adequate protection against fraudulent or excessive assessments of every kind and character." 31 Ill.2d at 480-481.

From the amended complaint before us it appears that no written complaint was ever filed with the board of review, and the dates of the oral conversations between the plaintiff's attorney and a member of the board are not stated. *Shappert Engineering Co.* v. *Weitemeyer*, 34 Ill.2d 97, was an action to enjoin the collection of taxes or in the alternative that the court fix the proper assessment. The complaint alleged that on a specified date the board of review refused to accept the complaint of the property owner

with respect to his assessment. There was no allegation that the date in question was within the time fixed by statute for the filing of a complaint with the board of review. The court held that the "plaintiff had the burden of showing compliance with the time limitations of the statute for the filing of its complaint and that it failed to meet that burden." (34 Ill.2d at 99.) Moreover, it has often been held that "the power of a Board of Review is prescribed by statute and it must act in the manner therein prescribed. The Board can act only by its record. Parol levy of taxes is not legally possible but a record of the taxing body showing the levy or assessment of a tax must be kept. (*People ex rel. Stuckart* v. *Chicago Lake Shore and Eastern Railroad Co.*, 270 Ill. 477; *People ex rel. Ferguson* v. *Schlitz Transfer Co.*, 333 Ill. 333.)" *People ex rel. Shirk* v. *Glass,* 9 Ill.2d 302, 310.

Although the predominant relief sought in the complaint has the flavor of a *mandamus* action, and the judgment of the trial court is injunctive in form, the plaintiff characterizes its action as an action for a declaratory judgment. In *Goodyear Rubber Company* v. *Tierney,* 411 Ill. 421, however, this court held that the remedy by way of declaratory judgment in tax matters was not broader than that by way of injunction, saying: "In any event, we do not believe that relief should be afforded under the Declaratory Judgments Act in any cases which would not have merited relief in equity by injunction under principles heretofore announced." (411 Ill. at 431.)

The petition for a declaratory judgment in this case was filed July 14, 1965. The application for judgment of sale of delinquent property was filed August 23, 1965. It is not alleged that any part of the taxes in question was paid under protest. The petition for a declaratory judgment makes no attempt to justify the plaintiff's failure to pay under protest. In its brief, however, the plaintiff states that it "was advised by the Board of Assessors not to pay its taxes

under protest." The plaintiff's rights and duties with respect to the payment of taxes, however, are fixed by statute and neither the Board of Assessors nor any of its employees or agents have any authority to vary the statutory provisions.

The amended complaint fails to allege facts that are legally sufficient to warrant a judgment in its favor, and the judgment of the circuit court of St. Clair County is reversed.

*Judgment reversed.*