MATTIE HUBBARD, Adm'rx of the Estate of James Hubbard, Deceased, Plaintiff-Appellant, *v.* AETNA INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division) No. 59984

Opinion filed January 20, 1976.—Rehearing denied May 17, 1976.

John Bernard Cashion, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini and Stephen D. Marcus, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing counts of a wrongful death action alleging negligence and wilful and wanton conduct on the part of defendants as insurers who had conducted inspections of the premises on which plaintiff's decedent was killed. The trial court found the allegations against the defendants were insufficient to plead a proper cause of action and dismissed these counts. Plaintiff's appeal challenges the correctness of the dismissal.

The facts of the case are as follows. On July 26, 1970, James Hubbard, while working as a pellet mill operator, was killed by an explosion at Garvey Grain, Inc. (hereinafter Garvey) in Chicago, Illinois. Mattie Hubbard, James Hubbard's wife and administrator of his estate (hereinafter plaintiff), brought a wrongful death action pursuant to section 1 of the Wrongful Death Act (Ill. Rev. Stat. 1969, ch. 70, par. 1), against California Pellet Mill Co., William W. Garvey, Garvey, Inc., Garvey Center, Inc., Garvey Elevators, Inc., Garvey Investments, Inc., and Garvey Industries, Inc., as well as Aetna Insurance Company, Factory Insurance Association (FIA) and all 48 named member insurance companies of FIA. This appeal is only concerned with the allegations against the latter insurance groups.

FIA, an unincorporated voluntary association of separate and independent member companies, and its members are named as defendants in plaintiff's amended complaint in both their group and individual capacities. According to the allegations of the amended complaint, the defendants afforded coverage to Garvey in the nature of fire insurance for damage to property resulting from fire and/or explosion for all Garvey locations, including the plant in Chicago where decedent was killed. During the three years prior to the explosion defendants conducted seven inspections of Garvey and made certain recommendations so as to prevent or reduce the possibility of fire and/or explosion. The reports made by defendants described the pellet mill machinery operation as "unsafe." Defendants recommended Garvey improve or eliminate the dust conditions on their premises, but Garvey failed to follow these recommendations or eliminate the "unsafe" conditions described by defendants in their inspection reports.

Count IV of plaintiff's amended complaint alleged defendants' main-

tenance of a nuisance was a proximate cause of Hubbard's death. This count was dismissed by the trial court for failure to state a cause of action. Plaintiff has not appealed that dismissal.

Counts V and VI, which charge defendants as a group and as individuals with negligence, read:

> "The Defendant Member Companies and Defendant, FACTORY INSURANCE ASSOCIATION, were guilty of one or more of the following negligent acts or omissions:
>
> (a) failed to perform adequate inspections of the property of GARVEY in that certain recommendations made by said defendant for safety purposes, were not required by said defendant to be accomplished within a reasonable period of time;
>
> (b) failed to perform adequate inspections of the property of GARVEY in that recommendations made by said defendant for safety purposes were never required by said defendant to be accomplished at any time pursuant to a tacit understanding that said defendant would continue to provide insurance coverage on said location so long as said defendant received the premium income from all or substantially all other Garvey locations."

Counts VII and VIII charge defendants with wilful and wanton conduct, realleging the allegations of negligence with the additional charge of a "conscious disregard for safety."

Defendants moved to dismiss the charges on the ground that section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.5(a)), barred plaintiff's action, and for failure to sufficiently allege facts constituting a proper cause of action. The trial court held the workmen's compensation statute was not applicable to FIA but allowed the motion to dismiss on the basis plaintiff had not alleged ultimate facts constituting any act of negligence or a proper cause of action. Plaintiff was given an opportunity to amend the amended complaint. Upon the failure to do so, the trial court dismissed counts IV-VIII with prejudice. The trial court's order specified the matter remained pending as to defendants other than Aetna Insurance Company and other named member insurance companies of FIA, and found there was no just reason for delay of appeal from the order. Plaintiff appeals the dismissal of counts V-VIII which allege the negligence and wilful and wanton conduct of defendants as the proximate cause of plaintiff's decedent's death.

## I.

The main issue to be determined on this appeal is whether the trial court properly dismissed the counts against defendants for failure to sufficiently plead ultimate facts stating a cause of action.

■■ Plaintiff's action was brought under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1969, ch. 70, par. 1), which provides:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then * * * the person who * * * would have been liable if death had not ensued, shall be liable to an action for damages * * *."

In pleading a wrongful death claim, there must be an allegation of a wrongful act, neglect, or default on the part of the defendant causing the death under such circumstances as would entitle the decedent to maintain an action for damages if death had not ensued. See *Shanowat v. Checker Taxi Co.* (1st Dist. 1964), 48 Ill.App.2d 81, 88-89, 198 N.E.2d 573; 16 Ill.L.&Pr. *Death* § 40 (1971).

■■ At the outset we are mindful of the basic principles that defendants' motion to dismiss admits as true for the purpose of the motion, all facts well pleaded together with all reasonable inferences which could be drawn from these facts. However, as said in *O'Fallon Development Co. v. Ring* (1967), 37 Ill.2d 84, 88, 224 N.E.2d 782, "* * * a motion to dismiss admits facts well pleaded; but it admits them only for the purpose of determining whether, as a matter of law, those facts state a claim upon which relief may be granted." *Cf. Burke v. Sky Climber, Inc.* (1974), 57 Ill.2d 542, 545, 316 N.E.2d 516.

Guided by these principles, we must determine if the facts pleaded sufficiently alleged defendant's negligence or wilful and wanton conduct, such that plaintiff's decedent could have recovered for his injuries if he had lived. To sufficiently plead negligence or wilful and wanton conduct, plaintiff must allege facts showing a duty of defendant and a breach of that duty which was a proximate cause of an injury to plaintiff. (*Mieher v. Brown* (1973), 54 Ill.2d 539, 541, 301 N.E.2d 307.) In the case at bar, the trial court ruled there was "an insufficiency of acts pleaded in Counts V-VIII to constitute negligence; that the failure to cancel insurance as alleged by virtue of Garvey's not following Aetna's recommendations does not state a cause of action there being no duty to cancel insurance on this basis."

Plaintiff contends she has alleged more than a mere duty to cancel insurance; she has alleged a failure to perform adequate inspections as required by *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill.2d 69, 199 N.E.2d 769, a case upon which plaintiff principally relies. In *Nelson* several construction workers were killed or injured when a temporary hoist upon which they were riding fell. The defendant insurance company, which provided workmen's compensation and public liability insurance

coverage to the general contractor of the construction project, was held liable under common law negligence standards for failing to exercise due care when performing gratuitous safety inspections of the construction site. In *Nelson* the defendant failed to warn the company against the unsafe practice of permitting personnel to ride the hoist.

Plaintiff argues she has sufficiently alleged a cause of action, and has pleaded facts showing defendants were negligent in their inspection of Garvey plants by not following through on their inspection. For example, defendants informed Garvey of the "unsafe" conditions of the pellet mill machinery operation uncovered during the gratuitous safety inspections, but defendant did not compel Garvey to correct these unsafe conditions. Then, defendants continued to insure Garvey's property against fire and explosion knowing the "unsafe" conditions of the pellet mill machinery operation went uncorrected.

The case at bar differs from *Nelson* in that these defendants did discover and did notify the insured of the "unsafe" conditions. The negligence in *Nelson* was described by our supreme court as misfeasance— the careless and negligent performance of gratuitous safety inspections. The insurer in *Nelson* neither discovered nor notified the insured of the unsafe conditions at their insured's work site which eventually resulted in injury to several employees. Our supreme court noted in *Nelson*, 31 Ill.2d 69, 85:

> "[D]efendant was charged with misfeasance, to-wit, that it gratuitously undertook to make safety inspections of the equipment and practices of its insured,  *  *  *. Defendant was not charged with liability for omitting to perform an undertaking which plaintiffs or Auchter expected or relied upon it to undertake, [citations] but was charged with having undertaken to perform safety inspections, a lawful act, and with having done so carelessly and negligently."

In the present case plaintiff did not allege the inspections were negligently performed in that they failed to reveal unsafe conditions; but rather, that the defendants did not assume the additional obligation of compelling their insured to correct those unsafe conditions.

Defendants were merely the fire insurers of Garvey's properties. Plaintiff did not allege any control which these defendants might have over the premises on which Hubbard was killed. Plaintiff did not allege Garvey or its employees relied on defendants to force Garvey to provide safe working conditions. Plaintiff's allegation of negligence is based on a failure of defendants to act—nonfeasance.

*Nelson* did not change the law set forth by the appellate court with

respect to nonfeasance; rather it ruled the negligence in *Nelson* was misfeasance. In discussing liability for nonfeasance, this court, in *Nelson*, noted nonfeasance in connection with a gratuitous undertaking would not give rise to liability unless the beneficiaries of the undertaking had relied on its performance.(*Nelson v. Union Wire Rope Corp.* (1st Dist. 1963), 39 Ill.App.2d 73, 125, 187 N.E.2d 425.) Plaintiff has not pleaded any reliance of plaintiff, her decedent or Garvey on defendants to compel Garvey to make necessary safety modifications at their plants. Neither has plaintiff alleged a special relationship which would give rise to such a duty. Although the courts are troubled by the word "duty" in negligence cases (*Mieher v. Brown*, 54 Ill.2d 539, 545), we cannot find any duty running from these defendants to plaintiff's decedent.

Defendants' gratuitous performance of safety inspections did not impose on them, in our opinion, the further duty of overseeing correction of any hazards found in the inspection. A person who assumes to protect others against injury is under no obligation to continue that protection indefinitely. (57 Am. Jur. 2d *Negligence* § 45 (1971).) The only duty imposed on one performing gratuitous safety inspections under *Nelson* is to perform them with due care. So far as we can determine, defendants do not have a duty to take corrective measures to remedy every hazardous condition they discover. They are only liable if the pleadings show they are in some way responsible for the condition. (See *Bishop v. City of Chicago* (1st Dist. 1970), 121 Ill.App.2d 33, 38, 257 N.E.2d 152.) The responsibility for the corrective action, in our opinion, is the insured's whose duty to its employees is fundamental. Of course, the insured was not dismissed from the litigation.

We find no legal basis upon which insurance companies—writing fire insurance—under the facts in this case should be held to have a legally enforceable duty running to the employees of the insured. We must not lose sight of the fact that defendants were insuring against property loss caused by such catastrophes as fire and were not the general liability insurers of Garvey. Although not pertinent to our resolution of the issue before us, we believe it is pertinent to note that the present trend is to grant immunity to workmen's compensation and general liability insurance carriers willing to perform safety inspections. Ill. Rev. Stat. 1973, ch. 48, par. 138.5; *Mier v. Staley* (4th Dist. 1975), 28 Ill.App.3d 373, 384, 329 N.E.2d 1; *Reid v. Employers Mutual Liability Insurance Co.* (1974), 59 Ill.2d 194, 200, 319 N.E.2d 769.

■■ We agree with the trial court that the pleadings in this case do not sufficiently allege ultimate facts constituting a proper cause of action and counts V-VIII were properly dismissed.

## II.

Although not appealing from the trial court's decision, the defendants asserted in their brief before this court that the trial court improperly denied defendants' motion to dismiss pursuant to section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.5(a)), which provides:

> "No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, * * *."

*Mier v. Staley,* decided after the filing of this appeal, held the above statute grants immunity to the employer's insurers. After oral arguments both parties submitted briefs, at our request, discussing the effect of the *Mier* decision upon the facts of this case. In light of our affirming the action of the trial court for the reasons set forth in section I of this opinion, we find it unnecessary to consider the trial court's failure to dismiss the action pursuant to section 5(a) of the Workmen's Compensation Act.

The action of the circuit court of Cook County dismissing counts IV-VIII of plaintiff's amended complaint is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.