Morris CORNICK, Ken Barr, Albert Rosetti and Charles Jackson, Trustees of Local 46 Welfare Fund, and Morris Cornick, Ken Barr, George J. Morris and Gus Zapas, Trustees of Laundry, Dry Cleaning and Dye House Workers' International Union Pension Fund, Plaintiffs,

v.

HI GRADE CLEANERS, INC., a corporation; Scientific Dry Cleaners, Inc., a corporation; and Ronald Harris, individually and doing business as Scientific Suede & Leather Cleaners, Defendants.

No. 84 C 5513.

United States District Court,
N.D. Illinois, E.D.

Oct. 3, 1984.

Marvin Sacks, Marc J. Blumenthal, Marvin Sacks, Ltd., Chicago, Ill., for plaintiffs.

Sheldon A. Harris, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, trustees of the Laundry, Dry Cleaning and Dye House Workers' International Union Pension Fund and the Local 46 Welfare Fund ("the Trustees"), have brought this action to recover contributions required by a collective bargaining agreement and multi-employer plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Jurisdiction is asserted pursuant to 29 U.S.C. § 1132(e)(1) and (e)(2). Presently before the Court are the motions to dismiss of defendants Hi Grade Cleaners, Inc. ("Hi Grade"), Scientific Dry Cleaners, Inc. ("SDC") and Ronald Harris ("Harris"). For the reasons set forth below, the motions of Hi Grade and SDC are granted, and Harris' motion is denied.

The complaint essentially alleges that Harris has been the sole shareholder, director and president of a series of corporations which are obligated to make payments to the pension and welfare funds. The Trustees claim that these entities are virtually identical except in name, and that Harris has changed the name of his business periodically in an attempt to defraud his creditors. The Trustees also assert that there is such a unity of interest, both among the different corporations and between the corporations and Harris, that Harris should be held personally liable for the payments.

Each defendant offers different reasons why he or it should be dismissed from this action. When considering the motions to dismiss, the Court must view

the complaint's allegations in the light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Unless the plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief, the complaint should not be dismissed. *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102.

### I. *Hi Grade's Motion*

■ The Trustees allege in their complaint that the defendants are delinquent in their contributions to the pension and welfare funds for the period from October 1, 1983 through March 30, 1984. Hi Grade argues that it cannot be held liable for payments for this period because it had been dissolved in 1982. This argument is persuasive.

■ The Trustees do not seriously dispute Hi Grade's contentions that the corporation discontinued its business operations on March 31, 1982, and was dissolved by the Illinois Secretary of State on December 1, 1982. Instead, the Trustees claim that *Ill.Rev.Stat.* ch. 32, § 157.94, a "survival statute" which provides for suits against dissolved corporations, allows them to proceed against Hi Grade in this case.[1] However, the Illinois statute permits suits only for causes of action which accrued *before* the corporation was dissolved, *Blankenship v. Demmler Manufacturing Co.*, 89 Ill.App.3d 569, 44 Ill.Dec. 787, 790–91, 411 N.E.2d 1153, 1156–57 (1st Dist.1980). In this case, the Trustees' cause of action did not accrue until late 1983, long after Hi Grade's dissolution. Thus, the Illinois survival statute is inapplicable to this situation, and Hi Grade's motion to dismiss is granted.[2]

### II. *SDC's Motion*

SDC argues first that the Trustees have failed to state a claim against it because SDC was not a party to any collective bargaining agreement with the Trustees and because the allegations concerning the relationship between Hi Grade and SDC are "vague and unclear." However, the Trustees *have* alleged that on or about April 1, 1982, SDC consented to be bound by their agreement with Hi Grade, that SDC made some payments according to the agreement, and that SDC received benefits under the agreement. In addition to alleging that SDC expressly assumed Hi Grade's obligations, the Trustees have also alleged that the substantial identity of the two corporations' ownership, management, business operations and work force either warrants treating the corporations as the same legal entity or establishes SDC as a successor corporation obligated by the terms of the collective bargaining agreement. These allegations are certainly sufficient to withstand SDC's motion to dismiss.

■ However, SDC also claims that the Trustees' complaint should be dismissed because SDC filed a petition in bankruptcy on August 1, 1984. It is clear that under 11 U.S.C. § 362(a)(1), the petition operates as a stay of this action against SDC.[3] Such a

---

1. The statute provides in pertinent part:
   The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

2. The Trustees also argue that Section 1392 of ERISA provides for Hi Grade's continuing obligation to make payments to the funds. However, the Trustees appear to have confused the concepts of "withdrawal liability" and "delin-

quent contributions"; the Trustees discuss the former in their memorandum but seek only the latter in their complaint. Moreover, nothing in Section 1392 relates to a suit against an already dissolved corporation, as in this case.

3. The automatic stay provision of 11 U.S.C. § 362(a)(1) prevents "the commencement or continuation ... of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding]."

stay, however, does not apply to the claims against SDC's nonbankrupt co-defendants. *See, e.g., Almy v. Terrace Land Development, Ltd.*, 32 B.R. 390, 391 (N.D.Cal. 1983); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A. de C.V.*, 10 B.R. 488, 490–91 (N.D.Ill.1981). Thus, the suit should not be dismissed completely. SDC will be dismissed from this action for the present time, but the Trustees may reinstate their claims against SDC when the bankruptcy proceedings are concluded. Accordingly, SDC's motion to dismiss is granted without prejudice.

## III. *Harris' Motion*

The Trustees have also named as a defendant Ronald Harris, "individually and doing business as Scientific Suede & Leather Cleaners." Harris has stated that he is not doing business as Scientific Suede & Leather Cleaners. Rather, he is now president and general manager of an Illinois corporation named Scientific Leather, Suede & Fur, Inc. ("SLSF"), incorporated on November 10, 1983. The Trustees respond that they will request leave from the Court to join SLSF as a party defendant and "will plead successorship and disregard of corporate formalities against that company." The Court hereby grants the Trustees leave to file an amended complaint which adds SLSF as a party and is otherwise consistent with this opinion.

Harris contends that the claims against him and his business fail to satisfy the requirement of Fed.R.Civ.P. 9(b) that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, Rule 9(b) must be read together with the liberal notice pleading standard of Rule 8, which only requires a short, plain and concise statement of the claims. *Tomera v. Galt*, 511 F.2d 504, 508–09 (7th Cir. 1975). The Seventh Circuit has stated that when the two rules are read together, a complaint is sufficient if it alleges "a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Id.* at 509.

Judged under this standard, the complaint provides the defendants with the notice to which they are entitled. Taking the Trustees' allegations as true, it is possible that they may ultimately prove a fraudulent intent underlying the series of transfers of the defendants' business from one corporation to another. The complaint leaves no doubt as to the events that the Trustees contend were fraudulent, when these events occurred and the participants in the events. Further specifics concerning the alleged fraudulent activities may readily be acquired through discovery. *Tomera*, 511 F.2d at 509.

Harris also asserts that the complaint fails to state a claim for "piercing the corporate veil" and holding him personally liable for the delinquent contributions. Under Illinois law, a corporation's legal identity may be disregarded when there is: (1) such unity of ownership and interest that the individuality of the corporation no longer exists; (2) fraud or wrongdoing; and (3) unjust loss or injury to the plaintiff. *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 160 (7th Cir.1963); *see also People ex rel. Scott v. Pintozzi*, 50 Ill.2d 115, 277 N.E.2d 844, 851–52 (1971).

Contrary to Harris' assertions, the Trustees have sufficiently alleged the existence of each of these three conditions. They allege that Harris has been the sole shareholder, director and officer of at least three business entities, treating each as his own and forming new corporations to suit his personal financial needs.[4] As discussed above, the Trustees allege that Harris has attempted to defraud his creditors. Moreover, the Trustees contend that unless the defendants' legal identities are disregarded, they will have no remedy for the delinquent contributions. The recent filing of a

---

4. On information and belief, the Trustees allege that funds of the defendants have been commingled. Such an act indicates that the corporate entity should be disregarded. *See, e.g., Central*

*States Southeast and Southwest Areas Pension Fund v. Gaylur Products, Inc.*, 66 Ill.App.3d 709, 23 Ill.Dec. 487, 384 N.E.2d 123 (1st Dist.1978).

bankruptcy petition by SDC supports this contention. Thus, the Trustees may well be able to prove a set of facts in support of their claims against Harris, and his motion to dismiss is denied.

---

Accordingly, the motions to dismiss Hi Grade and SDC are granted, and Harris' motion to dismiss is denied. Plaintiffs are given leave to file an amended complaint within ten days naming SLFS as an additional defendant. Discovery shall be completed within thirty days as between plaintiffs and Harris. The status hearing is continued to December 7, 1984, at 10:00 a.m. It is so ordered.